```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

NABORS DRILLING USA, L.P.                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:06CV279LS

MARKOW, WALKER, P.A.;
MARKOW, WALKER & REEVES, P.A.;
MICHAEL YOUNG; AND ROBERT NILES
HOOPER                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Markow, Walker, P.A., Markow, Walker & Reeves, P.A., Michael Young and Robert Niles Hooper (Markow Walker) to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure on the basis that there is pending an identical suit filed by plaintiff in the United States District Court for the Southern District of Texas. Plaintiff Nabors Drilling USA, L.P. (Nabors) has responded to the motion, asking that the court deny the motion, or alternatively, to stay consideration of the motion until such time as the Texas District Court has ruled on pending motions challenging personal jurisdiction and venue in that court. Having considered the motion and response, the court concludes that this case must be transferred to the Texas District Court.

Nabors filed suit in the District Court of Harris County, Texas on July 14, 2005 against Markow Walker, a Mississippi law

firm, alleging a claim of legal malpractice by Markow Walker in connection with its representation of Nabors relative to a workers' compensation claim by a Nabors employee in Mississippi, <u>Nabors Drilling USA, L.P. v. Markow Walker & Reeves, P.A., Markow, Walker, P.A.; Michael Young and Robert Niles Hooper</u>, Cause No. 2005 – 45197.  Markow Walker removed the case to Texas federal court, where it is pending as Cause No. 4:05CV3044, and in November 2005, moved to dismiss that suit for lack of personal jurisdiction and improper venue.

In the meantime, just one day after Nabors filed its lawsuit against Markow Walker in Texas, it filed a substantively similar lawsuit in the Hattiesburg Division of this court.  However, process was never served in its first Mississippi suit, and ultimately, the case was dismissed for failure to prosecute by order of the court dated May 22, 2006.  Two days later, Nabors filed the present action, which is again, substantively the same as the Texas suit.

Contending that plaintiff has engaged in impermissible and unacceptable forum shopping, Markow Walker has moved to dismiss this suit based on the "first to file rule," or "first-filed rule."  The first-to-file rule is a discretionary doctrine which provides that when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.

See Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5TH Cir. 1999); see also Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997); West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir. 1985).  "The rule rests on principles of comity and sound judicial administration" and is used by courts "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court."  Cadle, 174 F.3d at 604.

"In deciding whether to apply the first-to-file rule, the Court must resolve two questions:  (1) are the two pending actions so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case."  Datamize, Inc. v. Fidelity Brokerage Services, LLC, 2004 WL 1683171, *3 (E.D. Tex. 2004) (citing Texas Instruments v. Micron Semiconductor, 815 F. Supp. 994, 997 (E.D. Tex. 1993)). Only the first issue is for the second-filed court to decide, however, for in this circuit, "'[o]nce the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed.'"  Cadle, 174 F.3d at 605-606 (quoting Mann Mfg. Inc. v. Hortex, Inc., 439

3

F.2d 403, 407 (5th Cir. 1971)).  Rather, that is a decision for the first-filed court:

> "[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated."  Sutter Corp., 125 F.3d at 920.  As noted above, "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."  Save Power, 121 F.3d at 948.

Cadle, 174 F.3d at 606.  Thus, once the second-filed court finds that the issues in the two suits might substantially overlap, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed."  Id. (finding that second-filed court erred in dismissing suit rather than transferring case to first-filed court); see Good Sportsman Mkg. LLC v. Testa Assocs., LLC, 2005 WL 2850302, *3 (E.D. Tex. 2005) ("Once it has been proven that the two actions might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is pending, and the court where the action was first-filed decides if the cases actually do substantially overlap and require consolidation.") (citing Cadle).

In response to Markow Walker's motion to dismiss, plaintiff suggests that this court should decline to apply the first-filed

4

rule here, because in filing the second (and third) lawsuits in Mississippi, it was merely seeking "to protect its rights against Defendants' anticipated jurisdictional and venue objections in Texas." Alternatively, plaintiff argues that this court should defer ruling on the motion to dismiss pending a ruling from the Texas court regarding jurisdiction and venue. It reasons that if the Texas federal court dismisses or transfers the suit against defendants based on jurisdictional or venue issues, then "Nabors's filing in this Court would be shown to be appropriate."

Obviously, it is not for this court to decide whether there is merit to Markow Walker's objections to venue and personal jurisdiction in Texas. Nor is it a prerequisite to application of the first-filed rule that the jurisdiction of the first-filed court must first have been established. See Cadle, 174 F.3d at 605 ("While the likelihood of a jurisdictional dispute in the first-filed court may be a factor to consider in applying the rule, resolving the dispute in favor of that court's jurisdiction is never a condition precedent to applying it.").[1] Here, it was plaintiff's decision to file suit in Texas notwithstanding that it anticipated Markow Walker would raise objections to venue and

---

[1] In Cadle, the Fifth Circuit concluded that the district court's application of the first-filed rule was proper, despite the fact that there was a dispute over the jurisdiction of the first-filed court.

5

jurisdiction.  The court's decision herein is a mere consequence of that choice.

Based on the foregoing, it is ordered that this case be transferred to the United States District Court for the Southern District of Texas.

SO ORDERED this 10th day of July, 2006.

<u>/s/ Tom S. Lee</u><br>
UNITED STATES DISTRICT JUDGE